**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADRIANA D'ACQUISTO, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-cv-02754 |
| | ) |
| v. | ) |
| | ) |
| BMO FINANCIAL CORP., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES the plaintiff, ADRIANA D'ACQUISTO, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, BMO FINANCIAL CORP., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq. the Expedited Funds Availability Act (hereinafter "EFAA"), 12 U.S.C. §4001 et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act (hereinafter "ILCFA") 815 ILCS 505/2 and for conversion.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m and under the EFAA, 12 U.S.C. §4010(a).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. ADRIANA D'ACQUISTO, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Arlington Heights, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in her name with Defendant (hereinafter, "Plaintiff's BMO Account").

7. At all relevant times, Plaintiff's BMO Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's BMO Account was an "account" as that term is defined by 15 U.S.C. §1693a(2) and by 12 U.S.C. §4001(1) & (10).

9. BMO FINANCIAL CORP., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois. Defendant is incorporated in the State of Illinois.

10. At all relevant times, Defendant was a bank that held Plaintiff's BMO Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, Defendant is a "depository institution" and a "receiving depository institution" as that term is defined by 12 U.S.C. §4001(12) and (20).

14. At all relevant times, Plaintiff's deposit was a "check" as that term is defined by 12 U.S.C. §4001(7).

## IV. <u>ALLEGATIONS</u>

15. On or about December 8, 2023, Plaintiff made a deposit into her BMO Account in the amount of $4,515.94.

16. On December 8, 2024, Plaintiff's deposit of $4,515.94 was from the Office of the Illinois State Treasurer and was for the return of unclaimed property.

17. On or about December 21, 2023, Plaintiff attempted to make use of said funds.

18. On or about December 21, 2023, Defendant refused to allow Plaintiff use of the funds in her account.

19. On or about December 21, 2023, without notice or warning, a lock was placed on Plaintiff's BMO Account, and Plaintiff was unable to use or access the money in her Account.

20. On or about December 21, 2023, Plaintiff made an attempt to purchase a household item at Walgreens by way of her debit card.

21. Plaintiff was refused her purchase of a household item in Walgreens by use of her ATM card, and, without the ability to use her ATM card to obtain cash, was unable to make her purchases.

22. Plaintiff's account contained funds necessary to complete her purchases, even if the State funds were not available.

23. Defendant has not made any request for information from Plaintiff.

24. Plaintiff made numerous requests for the money to be returned to her or at least an update on her BMO Account.

25. Plaintiff has not been provided any access to her account or information or the location of her money.

26. Finally, on January 7, 2024, Defendant sent correspondence to Plaintiff that it had decided to close Plaintiff's BMO Account.

27. Defendant's January 7, 2024, correspondence did not refer to the State check deposited on December 8, 2023 and did not indicate that there appeared to be fraudulent or otherwise questionable deposits made on the account.

28. To date, Plaintiff is still without her money or any explanation as to when it will be returned.

## **COUNT I: VIOLATION(S) OF THE EFTA, §1693h(a) & 1693d**

29. Plaintiff incorporates by reference paragraphs 1 – 28 as if set out in full herein.

30. The EFTA "protects consumers by providing a 'basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S. C.*, 111 F.3d 1322, 1328 (7th Cir.1997) (quoting 15 U.S.C. ¶ 1693(b)).

31. In general, the EFTA requires banks to make electronic fund transfers in a "timely manner." *See Gale v. Hyde Park Bank,* 384 F.3d 451, 551 (7th Cir.2004).

32. Specifically, "a financial institution shall be liable to a consumer for all damages proximately caused by:"

> (1) the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, except where—
>
> > (A) the consumer's account has insufficient funds;
> >
> > (B) the funds are subject to legal process or other encumbrance restricting such transfer;
> >
> > (C) such transfer would exceed an established credit limit;
> >
> > (D) an electronic terminal has insufficient cash to complete the transaction; or
> >
> > (E) as otherwise provided in regulations of the Board.

15 U.S.C. § 1693h (a)(1)

33. Defendant confiscated Plaintiff's funds without her authorization and refused to make an electronic fund transfer in accordance with its terms and conditions to Plaintiff's BMO account.

34. On December 21, 2023, Plaintiff, via use of her debit card, requested that Defendant electronically transfer funds to Walgreens for Plaintiff's purchase.

35. Plaintiff suffered an injury whereby she was deprived of the ability to use her money in her Account without explanation.

36. At all relevant times, Plaintiff's BMO Account had sufficient funds.

37. At all relevant times, Plaintiff's BMO Account was not subject to a legal process or other encumbrance to restrict transfer.

38. At all relevant times, Plaintiff's requested transfer would not have exceeded an established credit limit.

39. At all relevant times, Defendant had access to an electronic terminal with sufficient cash to complete the transfer.

40. At all relevant times, no regulation of the Board exists that would excuse Defendant's refusal to transfer Plaintiff's money from her BMO Account.

41. Prior to Defendant freezing Plaintiff's account, Plaintiff was able to make a series of electronic funds transfers from her BMO account up until December 21, 2023.

42. Defendant failed to make available to Plaintiff and documentation to Plaintiff that clearly set forth the amount involved in Plaintiff's transfers, the types of transfers, the identity of any third party receiving her transfers in violation of 15 U.S.C. §1693d(a).

43. Defendant failed to provide Plaintiff a periodic statement of her account for the period of December 1, 2023 to December 31, 2023 in violation of 15 U.S.C. §1693d(c).

44. The actions of Defendant caused Plaintiff to suffer from frustration, anxiety and emotional distress that manifested itself such that Plaintiff had difficulty falling to sleep and/or staying asleep, and Plaintiff has had difficulty focusing on her work.

WHEREFORE, Plaintiff, ADRIANA D'ACQUISTO, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages pursuant to 15 U.S.C. §1693m(a)(1);
    b.    Statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);
    c.    Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1693a(3); and,
    d.    Any other relief deemed appropriate by this Honorable Court.

### COUNT II – VIOLATIONS OF THE EFAA

45. Plaintiff realleges paragraphs 1 through 28 as though fully incorporated herein.

46. The funds deposited on December 8, 2024 were a state government check subject to availability to Plaintiff under 12 U.S.C. §4002(a)(2)(B).

47. Defendant failed to make said funds available within one business day and failed to make the funds available to Plaintiff generally in violation of 12 U.S.C. §§4002(a)(2)(B).

48. In the event that Defendant did have an exception to make Plaintiff's funds available pursuant to 12 U.S.C. §4003(c)(1), Defendant failed to provide any notice to Plaintiff, prior to freezing her funds in violation of 12 U.S.C. §4003(f), leaving Plaintiff without the knowledge as to why she cannot use her money and how she can recover her money.

49. In the event that Defendant did have an exception to make Plaintiff's funds available pursuant to 12 U.S.C. §4003(c)(1), Plaintiff's account still contained other funds that were not part of the purported unavailable funds to which Defendant refused access in violation of 12 U.S.C. §4006(d).

50. Plaintiff was damaged in not having any access to any of her money and an inability to provide basic necessities for herself and her family.

51. Plaintiff suffered severe emotional distress and anxiety from not having any access to any of her money and an inability to provide basic necessities for herself and her family.

WHEREFORE, Plaintiff, ADRIANA D'ACQUISTO, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;
    b. Statutory damages allowable under 12 U.S.C. §4010(a)(2)(A);
    c. Plaintiff's attorneys' fees and costs; and,
    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT III – VIOLATION OF THE ILCFA

52. Plaintiff incorporates paragraphs 1 through 51 by reference as if set out in full herein.

53. Plaintiff's acts of opening and maintaining a bank account is akin to all consumer actions and therefore concerns all consumers.

54. Defendant's conduct in freezing Plaintiff's account without notice or warning and for no proper reason, closing her account without notice or warning and for no proper reason, and then holding Plaintiff's funds indefinitely, involves consumer protection concerns as Defendant holds itself out to be a place of business where consumers can utilize typical banking services, deposit their money, save their money, and withdraw their money for personal needs as they see fit.

55. The requested relief is in the best interest of all consumers, as if the requested relief is granted, Defendant will be discouraged from engaging in deceptive conduct similar to that alleged in the present Complaint.

56. The deceptive practice of the Defendant included freezing and closing Plaintiff's account without notice or warning to Plaintiff.

57. The deceptive practice of the Defendant included freezing and closing Plaintiff's BMO Account under the auspices of a fraudulent check deposit, when in fact, Plaintiff made no fraudulent deposit of any sort and rather deposited a check given to her from the Treasurer of the State of Illinois.

58. The deceptive practice of Defendant included keeping for its own use Plaintiff's money and refusing to return her money despite repeated requests.

59. The deception of Defendant occurred in the course of conduct involving trade and/or commerce.

60. Defendant's deception proximately caused Plaintiff's damages.

61. Defendant's actions as detailed above constitute a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiff, ADRIANA D'ACQUISTO, by and through her attorneys, respectfully prays for judgment as follows:

    a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

    b. Enter an order rescinding the transaction,

    c. Award attorneys' fees, litigation expenses and costs, and

    d. Grant other relief deemed just and appropriate.

## COUNT IV:   CONVERSION

62. Plaintiff incorporates paragraphs 1 through 51 by reference as if set out in full herein.

63. To prove conversion, a plaintiff must establish that (1) she has a right to the property; (2) she has an absolute and unconditional right to the immediate possession of the property; (3) she made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Loman v. Freeman*, 229 Ill. 2d 104, 127 (2008).

64. Plaintiff had a right to the unimpeded use of the funds she placed in her BMO Account.

65. Plaintiff had a right to the immediate possession of her funds as there were no incumbrances, liens, or civil actions against her.

66. If there was any reason to continue to freeze Plaintiff's Account, Defendant provided no such information to Plaintiff.

67. There is no just and proper reason to place a freeze on Plaintiff's Account.

68. Plaintiff made multiple demands for the return of her money.

69. Defendant refused to return said money, and as of the filing of this instant lawsuit is still in its possession.

WHEREFORE, Plaintiff, ADRIANA D'ACQUISTO, by and through her attorneys, respectfully prays for judgment as follows:

    a. Enter judgment against Defendant for all actual, punitive and other damages to which Plaintiff is entitled,

    b. Award attorneys' fees, litigation expenses and costs, and

    d. Grant other relief deemed just and appropriate

## V. JURY DEMAND

70. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**ADRIANA D'ACQUISTO**

By:   s/ David M. Marco
        Attorney for Plaintiff

Dated: April 5, 2024

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
**Telephone:**   (312) 546-6539
**Facsimile**:   (888) 418-1277
**E-Mail**:   dmarco@smithmarco.com